UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CR-00524 JAR JSD |
| | ) | |
| TAYLOR JAMES CONRAD, | ) | |
| a/k/a JAMES TAYLOR CONRAD, | ) | **SUPPRESSED** |
| a/k/a TYLER JAMES CONRAD, | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, unless otherwise specified below:

### COUNTS ONE-THREE
### (Wire Fraud: 18 U.S.C. §§ 1343 and 2)

1. Defendant Taylor James Conrad ("Defendant Conrad") was a resident of North Carolina.

2. Defendant Conrad was the owner of and signatory for TD Bank account ending in 8811 in the name of Taylor Conrad.

3. Beginning by at least on or about July 2022, and continuing through at least on or about September 2025, in the Eastern District of Missouri, and elsewhere, the defendant,

**TAYLOR JAMES CONRAD,**
**a/k/a JAMES TAYLOR CONRAD,**
**a/k/a TYLER JAMES CONRAD,**

with the intent to defraud, devised and intended to devise a scheme and artifice to obtain money from unsuspecting purchasers on Facebook by means of material false and fraudulent pretenses, representations, and promises, as described further herein.

**Manner and Means of the Scheme to Defraud**

4. Defendant Conrad copied legitimate listings from Facebook, often times from Facebook Marketplace, which advertised the sale of high-priced items, such as vehicles, watches, and collector's edition trading cards and comic books, and he re-posted the advertisements using fake Facebook profiles as if he was the seller of the items.

5. When a potential buyer contacted Defendant Conrad with questions about an advertised item, he would pose as a buyer and contact the actual seller of the item with those same questions and then relay the answers back to the unsuspecting buyer that had contacted him.

6. To execute the scheme to defraud, Defendant Conrad made material misrepresentations to purchasers to entice them into believing that he had the authority to sell the fraudulently advertised items.

7. Once a purchaser agreed to buy the fraudulently advertised item, Defendant Conrad would direct the purchaser to pay him in a specific manner, often via a wire transfer to a bank account held in the name Taylor Conrad.

8. After the purchaser paid Defendant Conrad for the item, Defendant Conrad would not deliver the purchased product and would eventually stop communicating with the purchaser. Thereafter, Defendant Conrad would delete the Facebook profile that he used to post the fraudulent advertisement.

9. In order to continue his fraud scheme, Defendant Conrad used numerous Facebook profiles that he would delete shortly after defrauding a victim, different email addresses and phone numbers, and numerous bank accounts.

10. Using the method described above, Defendant Conrad fraudulently obtained, and attempted to fraudulently obtain, hundreds of thousands of dollars from victims in numerous states,

including New York, California, Michigan, Tennessee, Missouri, Arkansas, Florida, and North Carolina. As a result of the scheme, Defendant Conrad caused and attempted to cause losses in excess of $350,000 to the victims.

**Defrauding Victim A.C. in the Eastern District of Missouri**

11. In January 2024, Victim A.C., the owner of an online automobile dealership located in the Eastern District of Missouri that specializes in the sale of high-end cars and trucks, attempted to purchase a 2022 Porsche Taycan through an advertisement on Facebook Marketplace that was posted by the Facebook Username "Hein Conradt Pham." Unbeknownst to Victim A.C., this Facebook Marketplace advertisement was a copy of a listing posted by the true owner of the vehicle, H.P. Defendant Conrad, who was posing as Hein Conradt Pham, communicated with Victim A.C. through Facebook Messenger and text messages about the sale of the vehicle. After Victim A.C. requested copies of the vehicle owner's driver's license and the title to the Porsche Taycan, Defendant Conrad posed as a potential buyer and requested and received those same items from H.P., the true owner of the vehicle. Defendant Conrad then sent the photos of H.P.'s driver's license and the vehicle title to Victim A.C. in an attempt to persuade Victim A.C. that he had authority to sell the vehicle, even though Defendant Conrad knew that he did not own the vehicle and lacked the authority to sell it.

12. Relying on the truth of Defendant Conrad's false and fraudulent representations about his ownership of the vehicle and authority to sell the Porsche Taycan, A.C. agreed to purchase the vehicle for $60,000. Defendant Conrad then directed A.C. to wire the money to his TD Bank account ending in 8811 in the name Taylor Conrad. After Victim A.C. wired the money to Defendant Conrad, Defendant Conrad failed to make the Porsche Taycan available for pickup.

Defendant Conrad also refused to issue a refund to Victim A.C. and shortly thereafter deleted the Facebook profile for "Hein Conradt Pham."

**Wiring in Furtherance of Scheme**

13. On or about the dates set forth below, in the Eastern District of Missouri, and elsewhere, the defendant,

**TAYLOR JAMES CONRAD,**
**a/k/a JAMES TAYLOR CONRAD,**
**a/k/a TYLER JAMES CONRAD,**

having devised and intended to devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Wire Description |
|---|---|---|
| 1 | 1/16/2024 | Text message from Victim A.C. to Defendant Conrad requesting a photo of his driver's license and a photo of the title to the 2022 Porsche Taycan |
| 2 | 1/16/2024 | Text message from Defendant Conrad to Victim A.C. containing a photo of H.P.'s driver's license and a photo of the title to the 2022 Porsche Taycan |
| 3 | 1/16/2024 | Wire transfer in the amount of $60,000 from Victim A.C. to TD Bank account ending in 8111 held in name of Taylor Conrad |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FOUR**
**Aggravated Identity Theft (18 U.S.C. §§ 1028A and 2)**

14. Each of the above allegations is hereby incorporated by reference as if fully set forth herein.

15. On or about the date listed below, within the Eastern District of Missouri, the defendant,

**TAYLOR JAMES CONRAD,**
**a/k/a JAMES TAYLOR CONRAD,**
**a/k/a TYLER JAMES CONRAD,**

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person, as described below, in that the defendant used or caused to be used the means of identification below in order to cause Victim A.C. to wire transfer money to defendant as payment for a vehicle, as described below.

| Count | Date | Means of Identification |
| --- | --- | --- |
| 4 | 1/16/2024 | The name of H.P. in a text message from Defendant Conrad to Victim A.C. containing a photo of H.P.'s driver's license and a photo of the title to the 2022 Porsche Taycan |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (2).

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2) and 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One through Three, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

______________________________

FOREPERSON

THOMAS C. ALBUS
United States Attorney

______________________________

KARIN A. SCHUTE, #62019MO
Assistant United States Attorney